UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ASATA D. LOWE, ) | |
| ) | |
| *Petitioner*, ) | |
| ) | Case No. 3:22-cv-422 |
| v. ) | |
| ) | Judge Atchley |
| MIKE PARRIS, ) | Magistrate Judge Poplin |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM AND ORDER

Petitioner Asata D. Lowe, an inmate in the custody of the Tennessee Department of Correction ("TDOC") housed in the Morgan County Correctional Facility ("MCCX"), has filed a pro se petition for habeas corpus relief under 28 U.S.C. § 2254[1] [Doc. 1] and multiple motions [Docs. 3, 4, 7, 8, 9, 10, 11, 12, 14]. Petitioner has paid the filing fee. For the reasons set forth below, Respondent will not be required to respond, the petition [Doc. 1] will be **DISMISSED WITH PREJUDICE**, and Petitioner's motions [Docs. 3, 4, 7, 8, 9, 10, 11, 12, 14] will be **DENIED AS MOOT**.

The Court takes judicial notice that Petitioner is in TDOC custody pursuant to various Tennessee convictions[2] that he unsuccessfully challenged through Tennessee's Post Conviction

---

[1] While Petitioner filed his petition under § 2241, it is apparent from the substance of his filings and public records that he challenges the validity of his confinement under state court judgments. [*See*, *e.g.*, Docs. 1, 3, 3-1]; *see also* Tennessee Department of Correction, "Felony Offender Information Search," https://apps.tn.gov/foil/search.jsp (last visited June 12, 2023). Thus, the Court construes the petition as filed under 28 U.S.C. § 2254. *Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019) (holding that "§ 2254 is the 'exclusive vehicle' of habeas relief for prisoners in custody under a state judgment"); *Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006) (holding that "all petitions seeking relief from state court convictions" fall under § 2254).

[2] Specifically, Petitioner is confined due to his convictions for first-degree murder and especially aggravated robbery that occurred in 1998 in Blount County, Tennessee. *See* Tennessee

Act, Tenn. Code Ann. § 40-30-101, *et seq*., with the assistance of appointed counsel. *Lowe v. Parris*, No. 3:22-CV-159, 2022 WL 2975292, at *1 (E.D. Tenn. July 27, 2022). In this action, which Petitioner filed on November 1, 2023, Petitioner contends that Respondent MCCX Warden Mike Parris is detaining him in a manner that deprives him of "the 'freedom from bodily restraint and punishment'" without procedural safeguards. [Doc. 1 p. 1–2 (citing Tenn. Code Ann. § 41-1-101, *et seq*.)]. Petitioner made these same arguments in his most recent habeas corpus action that a Court in this District dismissed with prejudice prior to Petitioner filing this action. [*Compare id.* with *Lowe v. Parris*, No. 3:22-cv-159, Doc. 1 p. 1–2].[3]

Thus, Petitioner's habeas corpus petition in this action is subject to dismissal for the same reasons as his most recent substantively identical habeas corpus petition that a Court in this District dismissed. *Id.* at *1–2. It is also subject to dismissal as duplicative. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000) (providing that "[f]ederal courts . . . retain broad powers to prevent duplicative or unnecessary litigation").

For these reasons, the instant petition for writ of habeas corpus [Doc. 1] is **DENIED**, Petitioner's pending motions [Docs. 3, 4, 7, 8, 9, 10, 11, 12, 14] are **DENIED AS MOOT**, and this action is **DISMISSED WITH PREJUDICE**. A certificate of appealability from this decision is **DENIED**. 28 U.S.C. § 2253(c). Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. As such, this Court

---

Department of Correction, "Felony Offender Information Search," https://apps.tn.gov/foil/search.jsp (last visited June 12, 2023).

[3] After Petitioner filed the instant petition, Chief United States District Judge Travis McDonough entered a permanent filing injunction against Petitioner "to prevent future frivolous and vexatious filings in this Court." *In Re Asata D. Lowe*, Case No. 1:23-MC-005, Doc. 1 (E.D. Tenn. Feb. 23, 2023).

**DENIES** Petitioner leave to proceed *in forma pauperis* on any subsequent appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

   **AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

   **SO ORDERED.**

               */s/ Charles E. Atchley, Jr.*
               **CHARLES E. ATCHLEY JR.**
               **UNITED STATES DISTRICT JUDGE**